**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT WARREN,

    Petitioner,

v.                                             CASE NO: 8:07-CV-656-T-30TBM

FLORIDA ATTORNEY GENERAL,
et al.,

    Respondents.
_____/

# **ORDER**

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #13) and Petitioner's reply (Dkt. #17). Upon review, the Court determines that the petition must be denied because the claim is time barred.

## **Background**

On October 26, 1970, Robert Warren ("Warren" or "Petitioner") was convicted of forcible rape. According to the police report, the victim in the case was abducted by three males from an apartment parking lot. The perpetrators put the victim in their car and covered her face with a towel. A gun was placed to the victim's head and her life threatened. The victim was taken to a location where she was raped by all three males. The perpetrators left

the victim at the scene. The victim then went outside and flagged down a police cruiser.

Though originally sentenced to death at trial, Petitioner's appeal resulted in a commutation of his sentence to life in prison. Eventually, Petitioner was released on parole on January 22, 1986. Petitioner violated his parole and was returned to custody on October 29, 1986.

Petitioner filed several claims for post-conviction relief prior to his claim for DNA testing. On January 24, 1992, Petitioner filed a claim for post-conviction relief which was dismissed on December 10, 1992. Petitioner then filed another petition for post-conviction relief on August 24, 1997 which was denied and affirmed on appeal May 24, 2000. *See Warren v. State*, 767 So. 2d 1219 (Fla. 2d DCA 2000). On March 12, 2002, Petitioner filed another claim for post-conviction relief which was also denied and then affirmed on appeal April 4, 2003. *See Warren v. State*, 845 So. 2d 200 (Fla. 2d DCA 2002).

Next, Petitioner filed a claim for DNA testing under Fla. R. of Crim. P. 3.853 ("Rule 3.853") on September 30, 2002. After two appeals, the claim finally culminated in an evidentiary hearing on November 9, 2005. *See Warren v. State*, 851 So.2d 817 (Fla. 2d DCA 2003) and *Warren v. State*, 884 So.2d 1074 (Fla. 2d DCA 2004). After the evidentiary hearing, the court denied the claim and it was not appealed. Petitioner claims that newly discovered evidence, specifically an FBI evidence report and expert testimony, came from the evidentiary hearing. Petitioner then filed another post-conviction claim under Fla. R. Crim. P. 3.850 ("Rule 3.850") claiming that the newly discovered evidence shows that the

state committed a *Brady*[1] violation. This Rule 3.850 claim was denied and the decision was affirmed on appeal. *See Warren v. State*, 947 So.2d 1175 (Fla. 2d DCA 2007).

On April 16, 2007, Petitioner filed this 28 U.S.C. §2254 petition seeking federal habeas corpus relief on the following grounds:

**Ground One:** Petitioner's due process rights were violated under *Brady* when the state failed to turn over an FBI chemical and microscopic analysis report ("FBI report") during trial.

**Ground Two:** Petitioner's due process rights were violated under *Youngblood*[2] when the state destroyed evidence in bad faith.

Petitioner conceded ground two in his reply. The state moved to dismiss the petition as untimely under 28 U.S.C. §2244(d)(1).

## DISCUSSION

### Timeliness

The state argues that the statute of limitations expired and Petitioner is time barred under 28 U.S.C. §2244(d)(1) from bringing this claim. Specifically, the state argues that the statute of limitations expired on April 23, 1997 and, therefore, Petitioner's motion for post-conviction relief filed on August 24, 1997 had no tolling effect. Petitioner argues that he is not time barred because under 28 U.S.C. §2244(d)(1)(D) the statute of limitations began to run when he learned of the FBI report on November 9, 2005. Additionally, Petitioner argues the statute of limitations was tolled by his Rule 3.850 claim for post-conviction relief.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *Arizona v. Youngblood*, 488 U.S. 51 (1988).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one year statute of limitations on a state prisoner's federal habeas corpus claim. 28 U.S.C. §2244(d)(1). The one year statute of limitations "shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

*Id*. The statute of limitations is tolled for the period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2).

Petitioners whose convictions became final prior to the passing of the AEDPA on April 24, 1996, must be offered "a reasonable time" to file motions for habeas corpus relief. *Goodman v. United States*, 151 F. 3d 1335, 1337 (11th Cir. 1998). Generally, this reasonable period lasts until April 23, 1997, one year from the date the statute passed. *Id*.

Under 28 U.S.C. §2244(d)(1)(D), the one year statute of limitations begins to run "when the factual predicate of a claim could have been discovered through the exercise of due diligence, not when it was actually discovered." *Schlueter v. Varner*, 384 F. 3d 69, 74

(3d Cir. 2004). Normally, evidence presented at trial is not newly discovered evidence. *See Dowthitt v. Johnson*, 230 F. 3d 733, 742 (5th Cir. 2000). *See also Hamilton v. Herbert*, 2004 WL 86413 (E.D.N.Y. 2004). Furthermore, a state court's finding of fact "shall be presumed to be correct." 28 U.S.C. §2254(e)(1).

Petitioner's argument under 28 U.S.C. §2244(d)(1)(D) that the statute of limitations began to run on November 9, 2005, fails because the FBI report is not a newly discovered factual predicate. Since the state court made the finding of fact that the evidence was not newly discovered, this Court must accept that finding unless Petitioner demonstrates it to be an unreasonable determination from the evidence. 28 U.S.C. §2254(e)(1). *See* Dkt. 11 exh. 24 at 119. The state court's finding was not unreasonable given the fact that the FBI report was known to Petitioner at trial. *See* Dkt. 11 exh. 24 at 185. Defense counsel mentioned the report during the cross examination of the FBI agent who prepared the report. The agent's testimony stated that the report was inconclusive. Even if Petitioner did not know about the FBI report at trial, due diligence on his part would have resulted in its discovery before November 9, 2005. For these reasons, Petitioner's argument under 28 U.S.C. §2244(d)(1)(D) fails.

Under 28 U.S.C. §2244(d)(1), Petitioner's claim is time barred because the statute of limitations expired on April 23, 1997. The statute of limitations was not tolled because Petitioner did not file a state petition for post-conviction relief until August 24, 1997.

## Merits

Even if Petitioner's 28 U.S.C. §2254 claim were not time barred, the claim would fail on the merits.

**Ground One:** Petitioner's due process rights were violated under *Brady* when the state failed to turn over the FBI chemical and microscopic analysis report ("FBI report") during trial.

In support of ground one, Petitioner argues that he first learned of the FBI report at his Rule 3.853 evidentiary hearing on November 9, 2005. Petitioner argues that the state suppressed this evidence. In addition, Petitioner argues that the evidence was exculpatory.

Under 28 U.S.C. §2254(d), a petitioner must establish that state court's proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." In addition, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. §2254(e)(1). Therefore, a petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* In other words, the statute requires a " 'highly deferential standard for evaluating state-court rulings." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (*quoting Lindh v. Murphy*, 521 U.S. 320, 334 n.7 (1997)).

On Petitioner's Rule 3.850 claim, the Circuit Court for the Sixth Judicial Circuit of Florida found that the "FBI report and test results . . . [were] not newly discovered evidence." Dkt. 11 exh. 24 at 117-118. As with the instant claim, Petitioner argued in his Rule 3.850

claim that the state committed a *Brady* violation when it withheld the FBI report. The state court found that defense counsel referred to the FBI report at trial. In addition, there was testimony on the trial record that the FBI report was inconclusive. The ruling was affirmed on appeal.

This court must accept the state court's finding of fact because of the required high deference towards the state court. The only exception is if the state court's finding was unreasonable based on the evidence presented to it. This exception does not apply here. The transcript of Petitioner's trial was presented to the state court as evidence and it clearly shows that defense counsel referred to the FBI report and that the inconclusive nature of the FBI report was stated on the record. Thus, the state court's finding is not unreasonable based on the evidence presented to it. This court finds no *Brady* violation because it accepts the state court's finding of fact that the FBI report was not newly discovered evidence.

Even if the FBI report were newly discovered, Petitioner must meet the *Brady* standards. To make a *Brady* claim, a petitioner must prove "(1) that the state possessed evidence favorable to the defendant; (2) that he did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and, (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different." *United States v. Bailey*, 123 F.3d 1381, 1397 (11th Cir. 1997).

Petitioner cannot meet the *Brady* standards. Petitioner cannot show that the evidence was suppressed because the FBI report was presented at trial. Moreover, Petitioner cannot

show that there is a reasonable probability that the outcome of the proceedings would have been different. Even though the report was inconclusive as to Petitioner's biologicals, the victim alleges she was raped by three men. Therefore, the inconclusive nature of the report does not exonerate Petitioner. The evidence was presented at trial and the jury convicted Petitioner.

For the above reasons, the state did not violate Petitioner's Constitutional rights by committing a *Brady* violation. Ground one would, therefore, be denied.

## Conclusion

Petitioner is time barred by 28 U.S.C. §2244(d)(1) from bringing this 28 U.S.C. §2254 habeas corpus claim. Even if not time barred, Petitioner's claim fails on the merits. The state did not commit a *Brady* violation because the evidence Petitioner claims is newly discovered was, in fact, presented at trial.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.
2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on January 28, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2007\07-cv-656.deny 2254.wpd